UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AMANDA SHERMAN,           )
                          )
    Plaintiff,            )
                          )
v.                        )   1:18-cv-00131-GZS
                          )
RSU 79/MSAD 1,            )
                          )
    Defendant.            )

**RECOMMENDED DECISION UPON SCREENING COMPLAINT**

In this action, Plaintiff Amanda Sherman seeks an award of attorney fees and costs following a successful result in a proceeding conducted by a state due process hearing officer in accordance with the Individual with Disabilities Education Act (IDEA).

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 6.) In accordance with 28 U.S.C. § 1915, a preliminary review of the matter is appropriate.

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**Standard of Review**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Factual Background**

Plaintiff asserts that on behalf of her minor child, she prevailed in a Due Process Hearing in which she maintained that Defendant violated her child's right to a free appropriate public education under the IDEA. She further wrote: "The reason that I have

for appealing the Hearing Officer's decision is so that I can be compensated for the costs that I incurred by Due Process and I am also looking to claim reasonable attorney fees." (Complaint at 6, ECF No. 1.) Plaintiff requests a fee award for her advocacy on behalf of her child and for costs and expenses incurred in connection with her representation of her child's interests.

## Discussion

"The purpose of the IDEA is 'to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs.'" *Pollack v. Reg'l Sch. Unit 75*, ___ F.3d ___, No. 17-1700, 2018 WL 1465452, at *1 (1st Cir. Mar. 26, 2018) (quoting 20 U.S.C. § 1400(d)(1)(A)). "If parents are concerned that their child is not receiving a FAPE, they can file a complaint with the local educational agency." *Id.* (citing 20 U.S.C. § 1415(b)(6)(A)). Filing a complaint begins a series of administrative procedures, which procedures include, an "impartial due process hearing" before the state educational agency, the Maine Department of Education. 20 U.S.C. § 1415(f)(1)(A), (g); 20-A M.R.S. § 7207-B; 05-071 C.M.R. ch. 101, § XVI.

Following a final decision on the complaint by the educational agency, an "aggrieved party" may file an action in state or federal court seeking relief from the decision. *Id.* § 1415(i)(2)(A). In addition the IDEA authorizes "prevailing" parties, including parties who prevail before the agency, to pursue an award of attorney's fees in the district courts of the United States, without regard to the amount in controversy. *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 22 (1st Cir. 2005) (citing 20 U.S.C. § 1415(i)(3)).

Specifically, for purposes of Plaintiff's complaint, the IDEA provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs … to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). *See also* 34 C.F.R. § 300.517.

In this case, Plaintiff does not allege she is an aggrieved party. Instead, she asserts that she is the prevailing party and requests an award of fees in the amount of $52,800.00, for the time she devoted to her child's representation in the due process hearing, and $3,390.02 for expenses incurred during the process.

As a pro se litigant, Plaintiff is not entitled to recover an attorney fee award for her own efforts. Indeed, even an attorney-parent cannot receive an attorney fee award for the time expended representing her child in an IDEA proceeding. *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001); *D.B. ex rel. Elizabeth B. v. Sutton Sch. Dist.*, No. 10-cv-10897, 2013 WL 3892900, at *4 (D. Mass. July 25, 2013) (collecting circuit court opinions so holding); *see also Kay v. Ehrler*, 499 U.S. 432, 438 (1991) ("A rule that authorizes awards of counsel fees to pro se litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.").

The remaining question is whether the IDEA authorizes a parent to sue in federal court to obtain reimbursement for the costs incurred in connection with a successful due process proceeding before the state agency. Here, Plaintiff requests reimbursement for

photocopies, postage, office supplies, and mileage, in the total amount of $3,390.02. (Complaint at 6 – 7.)

The IDEA provides for an award of "reasonable attorneys' fees *as part of the costs*." 20 U.S.C. § 1415(i)(3)(B)(i)(I) (emphasis added). The IDEA does not provide for an award of attorney's fees *and costs* associated with all IDEA proceedings. Given that § 1415 did not authorized the recovery of any specific costs, the costs to which the section refers are the taxable costs incurred in federal court proceedings. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 – 98 (2006) (holding parents cannot recover expert witness fees under the IDEA attorney fee provision because Congress did not "unambiguously" authorize such an award and the term of art "costs" is a reference to 28 U.S.C. § 1920, "the general statute governing the taxation of costs in federal court"). Because the costs Plaintiff seeks to recover were not incurred in this court proceeding, Plaintiff is not entitled to recover the costs she seeks in this action.[1]  Plaintiff, therefore, has not asserted an actionable claim.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

---

[1] Title 28 U.S.C. § 1920(4) authorizes taxation of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Here, Plaintiff incurred the expense of copying materials in connection with the underlying proceeding, not for use in this case. Furthermore, because Plaintiff does not request judicial review as an aggrieved party, there is no apparent use she might make of the copies in this case.

5

pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                    /s/ John C. Nivison
                                    U.S. Magistrate Judge

Dated this 13th day of April, 2018.